**Order filed April 7, 2015.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-14-00568-CR**

_____

**MARCUS BROOKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1408106**

## ORDER

Appellant is represented by appointed counsel, Kurt B. Wentz. Appellant's brief was originally due **September 22, 2014.** We granted counsel a 90-day extension of time until December 22, 2014, to file appellant's brief. When we granted the extension, we noted that no further extensions would be granted absent exceptional circumstances. No brief was filed and counsel did not respond to the court's past due brief notice.

On January 22, 2015, we abated the appeal and directed the trial court to conduct a hearing to determine the reason for the failure to file a brief. On January 29, 2015, counsel filed a request for an extension of time to file the brief, citing his obligations in other cases, including a capital murder trial. On February 3, 2015, the court granted the extension request, withdrew the request for a hearing in the trial court, reinstated the appeal, and ordered counsel to file appellant's brief by March 3, 2015. In the order the court advised counsel that failure to file the brief would result in an order abating the appeal and directing the trial court to conduct a hearing to determine (1) the reason for the failure to file a brief and (2) the consideration of sanctions, appointment of new counsel, or other appropriate relief. The brief was not filed as ordered. In response to the court's notice that the brief was late, counsel filed a further request for extension of time to file appellant's brief. Counsel did not allege any exceptional circumstances in the request. We deny the request for an extension and issue the following order.

We abate the appeal and direct the judge of the 230th District Court to (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (1) the reason for the failure of appellant's counsel to timely file a brief; (2) whether appellant's counsel, **Kurt B. Wentz,** should be found in contempt of court for failing to file appellant's brief; (3) whether new counsel should be appointed to represent appellant; and (4) if no new counsel is appointed, determine a date certain when appellant's brief will be filed. The judge shall see that a record of the hearing is made, shall make any necessary orders and findings of fact and conclusions of law, and shall order the trial court clerk and court reporter to forward a transcribed record of the hearing, a videotape or compact disc, if any,

2

containing a recording of the video teleconference, and a supplemental clerk's record containing the trial court's orders and findings and conclusions. Those records shall be filed with the clerk of this court on or before **May 4, 2015.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental records ordered herein are filed in this court. The court will also consider an appropriate motion to reinstate the appeals filed by either party, or the court may reinstate the appeals on its own motion.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Busby.